IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEWELL LEE HART,

    Plaintiff,

v.

STATE OF OREGON,

    Defendant.

Civil No. 05-681-BR

ORDER TO DISMISS

BROWN, Judge.

    Plaintiff, an inmate at the Snake River Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an order entered by the court this date, plaintiff was granted leave to proceed *in forma pauperis*. However, for the reasons set forth below, plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2).

## BACKGROUND

Plaintiff challenges the constitutionality of state court procedures related to the availability of relief under Or. Rev. Stat. § 138.083. By way of relief, Plaintiff seeks an injunction ordering the State of Oregon to promptly reconsider a motion filed by Plaintiff under the statute, and requiring the State to "comply with constitutional due process requirements in the future."

## STANDARDS

Where a prisoner proceeding *in forma pauperis* files an action seeking redress from a governmental entity or officer or employee of a governmental entity, the court shall dismiss the case at any time if the court determines that:

(B) the action . . .

    (i) is frivolous or malicious;

    (ii) fails to state a claim on which relief may be granted; or

    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §§ 1915(e)(2) and 1915A(b).

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting Hishon v. King & Spalding, 467 U.S. 69,

2 - ORDER TO DISMISS -

73 (1984)); Tanner v. Heise, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. Tanner, 879 F.2d at 576.

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992), overruled on other grounds by WMX Tech., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1998); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this court supplies the plaintiff with a statement of the complaint's deficiencies. McGuckin, 974 F.2d at 1055; Karim-Panahi, 839 F.2d at 623-24; Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi, 839 F.2d at 623; Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

**DISCUSSION**

It is well established that absent waiver, the Eleventh Amendment bars a suit in federal court against either a state or an agency acting under its control. Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Alabama v. Pugh, 438 U.S. 781, 782 (1978); Edelman v. Jordan, 415 U.S. 651, 662-63 (1974); see also Will v. Michigan Dep't. of State Police, 491 U.S. 58, 63-64, 71 (1989) (state is not a person within the meaning of § 1983). The Eleventh Amendment does not permit the recovery of prospective injunctive relief against a state or its agencies. Puerto Rico Adueduct & Sewer Auth., 506 U.S. at 145. Except for suits for prospective relief filed against state officials, the Eleventh Amendment bars suit regardless of the relief sought. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).

Plaintiff seeks injunctive relief against the State of Oregon. Plaintiff's claim is barred by principles of Eleventh Amendment sovereign immunity. Accordingly, Plaintiff's complaint fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

**CONCLUSION**

Based on the foregoing, IT IS ORDERED that plaintiff's complaint is DISMISSED for failure to state a claim. Plaintiff may file an amended complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that failure to file an amended complaint shall result in the dismissal of this proceeding, with prejudice. In lieu of an amended complaint, plaintiff may move to voluntarily dismiss this action, without prejudice.[1]

IT IS SO ORDERED.

DATED this  24th   day of May, 2005.

                                    /s/ Anna J. Brown
                                       ANNA J. BROWN
                                       United States District Judge

---

[1] Plaintiff is advised that under the Prison Litigation Reform Act, a prisoner is prohibited from proceeding in a civil action without full payment of the filing fee if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action in a court of the United States that was dismissed as frivolous or for failure to state a claim unless the prisoner is under imminent danger of serious physical harm. 28 U.S.C. § 1915(g).